**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **CIERRA TURNER, on Behalf of Herself And All Other Similarly Situated Individuals,**<br><br>**Plaintiff(s).**<br><br>**v.**<br><br>**PRETTY WOMEN, INC., d/b/a BEACH GIRLS, J.P. PARKING, INC., JAMES PETRY, Individually; and KENT O'CONNELL, Individually,**<br><br>**Defendants.** | **Case No. 4:22-cv-85**<br><br><br>**COLLECTIVE ACTION AND JURY TRIAL DEMAND** |

## <u>ORIGINAL COLLECTIVE ACTION COMPLAINT AND JURY DEMAND</u>

### I.   <u>SUMMARY</u>

1.      Pretty Women, Inc., d/b/a Beach Girls, J.P. Parking, Inc., James Petry, and Kent O'Connell, (hereinafter collectively referred to as "Defendants"), required Cierra Turner (hereinafter "Plaintiff") to work as an exotic dancer at their adult entertainment club, but refused to compensate her at the applicable minimum wage.

2.      Specifically, Defendants misclassified dancers, including Plaintiff, as independent contractors. Plaintiff's only compensation was in the form of tips from club patrons; the club paid no wages. In fact, Defendants required Plaintiff to pay a "house fee" in order to work in the club. Essentially, Defendants took money from Plaintiff under the premise that she had to pay for her space at the club. Plaintiff was also required to share her tips with Defendants and their employees who do not customarily receive tips outside of a valid tip pool.

3.      As a result, Defendants failed to pay Plaintiff and all other members of the class

collective minimum wage compensation, which they were entitled to under the Fair Labor

Standards Act ("FLSA") and Iowa state law.

4.      Plaintiff brings this class and collective action against Defendants seeking

damages, backpay, restitution, liquidated damages, prejudgment interest, reasonable attorney's

fees and costs, and all other relief that the Court deems just, reasonable, and equitable in the

circumstances.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§216(b), 28 U.S.C. §1331, and I.C.A. § 91A.8.

6.      This Court also has supplemental jurisdiction over the state law claims raised herein

pursuant to 28 U.S.C. §1367 because such claims do not raise novel or complex issues of state

law, and because those claims derive from a common nucleus of operative facts from which the

FLSA claims stated herein derive.

7.      Venue is proper in the Southern District of Iowa pursuant to 28 U.S.C. § 1391(b)

because a substantial portion of the events forming the basis of this suit occurred in this District,

and Defendants operate adult entertainment clubs located in this District.

## III.      PARTIES AND PERSONAL JURISDICTION

8.      Plaintiff Cierra Turner is an individual who worked for Defendant Pretty Women,

Inc. d/b/a Beach Girls in West Des Moines, Iowa from January 2019 to June 2020, on a consistent

basis. She lived in Iowa and was Defendants' employee during the claimed period. Her consent is

attached hereto as Exhibit "A."

1.      Opt-in Plaintiffs are current or former exotic dancers who have worked at Defendants' adult entertainment clubs within the applicable limitations period and will file a valid consent to join this suit with the Court.

2.      Defendant Pretty Women, Inc. d/b/a Beach Girls, is an Iowa for-profit corporation doing business in West Des Moines, Iowa. Defendant may be served with process via its registered agent, James E. Petry at 9350 Lakewood Cir., Norwalk, IA 50211-1868.

3.      Defendant J.P. Parking, Inc., is an Iowa for-profit corporation doing business in West Des Moines, Iowa. Defendant may be served with process via its registered agent, James A. Watson, at 535 W. Broadway, Ste 200, Council Bluffs, IA 51503.

4.      Defendant James Petry is an individual who resides in Warren County, Iowa. He is the owner of Pretty Women, Inc. d/b/a Beach Girls and President of J.P. Parking Inc. He may be served with process at 9350 Lakewood Cir., Norwalk, IA 50211-1868, or wherever he may be found.

5.      Defendant Kent O'Connell is an individual who resides in Polk County, Iowa. He is the manager of Pretty Women, Inc. d/b/a Beach Girls and of J.P. Parking Inc. He may be served with process at 4900 Pleasant St., Unit 5, West Des Moines, IA 50266.

6.      This Court has personal jurisdiction over Defendant Pretty Women, Inc. d/b/a Beach Girls, because it is doing business in Iowa.

7.      This Court has specific personal jurisdiction over Defendant Pretty Women, Inc. d/b/a Beach Girls, because it does business in West Des Moines, Iowa and Plaintiff's claims arise from the conduct of that business.

8.      This Court has personal jurisdiction over Defendant J.P. Parking Inc., because it is doing business in Iowa

9.      This Court has specific personal jurisdiction over Defendant J.P. Parking Inc. because it does business in West Des Moines, Iowa and Plaintiff's claims arise from the conduct of that business.

10.     This Court has personal jurisdiction over Defendant James Petry because he resides in Polk County, Iowa.

11.     This Court has personal jurisdiction over Defendant Kent O'Connell because he resides in Warren County, Iowa.

## IV.    COVERAGE

12.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d) and § 91A.2(3)(c)(4) of the Iowa Annotated Code.

13.     The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

14.     Iowa minimum wage law adopted the FLSA's definition of "employer." I.C.A. § 91D.1(1)(b).

15.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

17.     At all material times, Plaintiff, FLSA Class Members, and Iowa Class Members were individual employees as defined by 29 U.S.C § 206-207 and I.C.A. § 91D.1(1)(b).

18.     Pretty Women, Inc. is an employer under the FLSA because it 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, 3) determines the rate and method of payment, and 4) is the entity responsible for maintaining employment records.

19.     J.P. Parking Inc. is an employer under the FLSA because it 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, 3) determines the rate and method of payment, and 4) is the entity responsible for maintaining employment records.

20.     Defendant James Petry is the owner and President of both Defendant Pretty Women, Inc. d/b/a Beach Girls and Defendant J.P. Parking Inc. As the owner, Defendant Petry is an employer because he 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, 3) determines the rate and method of payment, and 4) is the entity responsible for maintaining employment records. Additionally, Defendant was responsible for the day-to-day affairs of Pretty Women, Inc. d/b/a Beach Girls, specifically for determining whether they complied with the FLSA.

21.     Defendant Kent O'Connell is the manager of both Defendant Pretty Women, Inc. d/b/a Beach Girls and Defendant J.P. Parking Inc. As the manager, Defendant O'Connell is an employer because he 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, 3) determines the rate and method of payment, and 4) is the entity responsible for maintaining employment records. Additionally, Defendant was responsible for the day-to-day affairs of Pretty Women, Inc. d/b/a Beach Girls, specifically for determining whether they complied with the FLSA.

22.     For all intents and purposes, Defendants Pretty Women, Inc. d/b/a Beach Girls; and J.P. Parking Inc. are effectively the same company and operate as a single enterprise. Despite the corporate fragmentation, a "single enterprise" under the FLSA exists. *See Brock v. Best Western Sundown Motel, Inc.*, 883 F.2d 51, 52 (8th Cir. 1989). Defendants share the same officers and directors, such as James Petry. In fact, James Petry oversees and controls the operations of each Defendant.

23.     The Defendants also operate in a unified manner and under common control. They share the same corporate office located at 6220 Raccoon River Dr., West Des Moines, IA 50266. They also have the same accounting and payroll operations. Additionally, they share control over hiring, firing, payroll, and overhead decisions. They also have the same officer and director, James Petry, and the same manager, Kent O'Connell.

24.     Moreover, the Defendants have a common business purpose to operate a gentlemen's club for profit under the name "Beach Girls."

25.     Based upon these facts, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Donovan v. Weber*, 723 F.2d 1388, 3191 (8th Cir. 1984). Additionally, based upon these facts, Defendants are joint employers and are jointly and severally liable for all wage and hour compliance, including the payment of minimum wage compensation. *See* 29 C.F.R. § 791.2(a); *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *Schultz v. Capital International Security, Inc.*, 466 F.3d 298, 306 (4th Cir. 2006).

26.     Defendants Pretty Women, Inc. and J.P. Parking Inc. are mere instrumentalities or alter egos of each other and each Defendant is vicariously liable for the violations committed by each other.

## V.     FACTS

27.     Defendants operate the adult entertainment club in West Des Moines, Iowa under the names of "Beach Girls."

28.     Defendants employ exotic dancers and have employed hundreds of dancers over the years at Beach Girls.

29.     Defendants also employ dozens of employees who are engaged in commerce or in the production of goods for commerce on behalf of Defendants. Specifically, Defendants' employees handle and sell goods moved in or produced for commerce, including alcoholic beverages, non-alcoholic beverages, keychains, T-shirts, and calendars.

30.     Defendants advertise alcohol, merchandise, and dance services via the internet, including Beach Girl's webpage located at https://www.beachgirlsbar.com. Defendants also advertise dancers on social media sites including Facebook, Twitter, Instagram, and Snapchat.

31.     Patrons often paid Plaintiff using credit cards, which were handled and processed by Defendants' employees.

32.     Plaintiff was previously employed as an exotic dancer at Beach Girls during the statutory time period.

33.     Plaintiff worked on a regular basis for Defendants' establishment, located in West Des Moines, Iowa.

34.     Plaintiff worked at Beach Girls from January 2019 to June 2020.

35.     Plaintiff worked, on average, six hours per shift during her employment at Beach Girls and three shifts per week for a total of eighteen hours per week.

36.     Plaintiff never received any wages during her employment with Beach Girls.

37.     During at least one workweek between January 2019 to June 2020, Defendants did not pay Plaintiff the state or federally mandated minimum wage. As an illustrative example, starting in the first week of January 2019 that she worked for Defendants as a dancer, and continuing until the end of her employment with Beach Girls, Plaintiff was not paid a minimum wage.

38.     Similarly, Opt-In Plaintiffs and Iowa Class Members did not work a single hour at Beach Girls where they were paid the federally mandated minimum wage of $7.25 an hour.

39.     In fact, Plaintiff, the FLSA class, and Iowa Class Members paid to work at Beach Girls. Plaintiff, FLSA Class Members, and Iowa Class Members were classified by Defendants as independent contractors who had to pay house fees to dance at Beach Girls.

40.     Plaintiff, FLSA Class Members, and Iowa Class Members were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at their establishment.

41.     Furthermore, Defendants charged Plaintiff, FLSA Class Members, and Iowa Class Members a "house fee" per shift worked. In other words, they had to pay to work at Beach Girls and sometimes completed a full shift only to owe Beach Girls money.

42.     Defendants also required Plaintiff, FLSA Class Members, and Iowa Class Members to share their tips with other non-service employees who do not customarily receive tips.

43.     Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of

$2.13 per hour. Defendants also violated § 203(m) when they failed to notify Plaintiff about the tip credit allowance before the credit was utilized, meaning Defendants' exotic dancers were never made aware of how the tip credit allowance worked or the amounts to be credited.

44.     Defendants additionally violated § 203(m) because they did not allow Plaintiff to retain all her tips, but instead required Plaintiff and Class Members to share their tips with other non-service employees who do not customarily receive tips. Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

45.     Furthermore, Defendants are in violation of Iowa's tipped-employee compensation provision, I.C.A. § 91D.1(1)(c), which provides that an employer may pay a wage of at least $4.35 per hour if the employer can establish the employee customarily and regularly receives more than $30.00 per month in tips. Defendants failed to compensate Plaintiff with wages for any hours worked in violation of Iowa's minimum wage law. I.C.A. § 91D.1(1)(b).

46.     Plaintiff, FLSA Class Members, and Iowa Class Members received tips and/or dance fees from Defendant's customers but no other form of payment from their employer.

47.     The money received by Beach Girls after a shift of dance performances was not included in Defendants' gross sales receipts and was not disbursed in any way as wages to any workers.

48.     Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiff and Opt-In Plaintiffs were employees of Defendants under the FLSA and Iowa Annotated Code. At all times, Defendants required Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

49.     Defendants hired/fired, issued pay, supervised, directed, disciplined, and performed

all other duties generally associated with that of an employer with regard to the dancers.

50.     The following non-exhaustive list of policies and procedures in effect during the relevant statutory period demonstrates the dancers' status as employees and/or supports their claims:

a.      Defendants have the sole right to hire and fire the dancers;

b.      Defendants required dancers to sign in and out each shift;

c.      Defendants make dancers pay a house fee to work at the premises and the fee varies depending on the night;

d.      Defendants forced dancers to pay "house fees" to dance at Beach Girls;

e.      Plaintiff paid, on average, $40 per shift as a house fee, to dance on stage at Beach Girls;

f.      Defendants created an incentive to arrive early, the house fee increased $10 to $20 every hour after Beach Girls opened;

g.      Defendants charged dancers a fine of $150 to leave early;

h.      Defendants exercised sole control over how much a dancer can charge a third-party customer;

i.      Defendants set the price for private dances and VIP room dances;

j.      Defendants unilaterally make the decision not to pay any wages to dancers;

k.      Defendants provide the dancers with music, stages, poles, and other tools to perform dances; the dancer only provides her own body;

l.      Dancers make no financial investment with Defendants' business;

m.      Defendants mandate that dancers pay a mandatory tip out of $35 per shift to other club employees at Beach Girls, including to the DJs;

n.  Defendants mandate that dancers pay a mandatory tip out of $5 per dance to Beach Girls;

o.  Defendants mandate that dancers pay a mandatory tip out of $10 per VIP room dance to Beach Girls;

p.  Defendants apply fines/fees to the dancers if they fail to follow Defendants' guidelines or directions;

q.  Defendants maintain the premises – including the stage, and a state-of-the-art audio set up;

r.  Defendants hire and fire all employees of Beach Girls – including dancers, DJ's, bouncers, bartenders, and managers;

s.  Defendants employ dozens of dancers at one time;

t.  Dancers are not responsible for paying any facility expenses relating to the operation of Beach Girls;

u.  Defendants have sole control over their opportunity for profit or loss; maintaining exclusive control over major determinants of customer volume such as marketing, advertising, business hours, facility maintenance, aesthetics, beverage inventory, and setting the cover charge price;

v.  Dancers have no control over the key determinants of profit and loss; and

w.  Defendants employ many dancers, including the named Plaintiff, for several months at least.

51.  Defendants misclassified Plaintiff, FLSA Class Members, and Iowa Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA.

52.     Plaintiff, FLSA Class Members, and Iowa Class Members constituted the workforce without which Defendants could not perform their services.

53.     Plaintiff, FLSA Class Members, and Iowa Class Members are not exempt from the minimum wage requirements under the FLSA and Iowa state labor laws.

54.     Defendants' method of paying Plaintiff and Class Members in violation of the FLSA is willful and is not based on a good faith and reasonable belief that their conduct complied with the FLSA.

55.     Defendants' method of paying Plaintiff and the Iowa Class Members was in violation of Iowa labor laws and was willful and not based on a good faith and reasonable belief that its conduct complied with Iowa law.

56.     Defendants misclassified Plaintiff, FLSA Class Members, and Iowa Class Members with the sole intent to avoid paying them in accordance with the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

## VI.     EQUITABLE TOLLING

57.     The doctrine of equitable tolling preserves a plaintiff's full claim when a strict application of the statute of limitations would be inequitable. *See Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760–61 (9th Cir. 1981) (abrogated on other grounds by *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989)).

58.     The doctrine of equitable tolling is generally available when the claimant is influenced by someone else's "misleading" or "fraudulent" conduct. *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (citing *Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984)). Defendants intentionally misled the Plaintiff into believing that they were not required to pay her

12

minimum wage. Defendants coerced the Plaintiff, FLSA Class Members, and Iowa Class Members into believing that they were independent contractors. Consequently, the Plaintiff, FLSA Class Members, and Iowa Class Members were victims of fraud and unable to ascertain any violation taking place.

59.     Thus, the statute of limitations for the Plaintiff, FLSA Class Members, and Iowa Class Members should be equitably tolled due to Defendants' fraudulent concealment of the Plaintiff's, FLSA Class Members' and Iowa Class Members' rights. Plaintiff therefore seeks to have the limitations period extended from the first date that Defendants used this covert payroll practice up to the time each Plaintiff joins this lawsuit.

## VII.   CAUSES OF ACTION

## COUNT I: FAILURE TO PAY FEDERAL MINIMUM WAGE (COLLECTIVE ACTION)

60.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

61.     Defendants' willful practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA and was not based in good faith. 29 U.S.C. § 206. In fact, Defendants do not compensate them whatsoever for any hours worked and have violated the tip credit provision under the FLSA as described above.

62.     The FLSA required that Defendants allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers. As set forth above, Defendants failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements. Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

63.     As also alleged above, Defendants' practice of collecting house fees from the dancers also violates the law.

64.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

## COUNT II: VIOLATION OF IOWA STATE LABOR LAWS FOR FAILURE TO PAY MINIMUM WAGE (CLASS ACTION)

65.     Plaintiff and Iowa Class Members incorporate by reference all allegations in the preceding paragraphs.

66.     Under Iowa Annotated Code § 91D.1(1)(a), the state minimum wage during the statutory period until present is currently $7.25.

67.     As set forth above, Defendants failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the Iowa minimum wage requirements.

68.     Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers. Defendants also charged house fees illegally.

69.     Defendants' failure to pay Plaintiff and other similarly situated exotic dancers as required by Iowa state laws was willful and intentional and was not in good faith.

## COUNT III: UNLAWFUL TIP SHARING (COLLECTIVE ACTION)

70.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

71.     As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m). Plaintiff brings this claim on behalf of herself, and all others similarly situated pursuant to 29 U.S.C. § 216(b).

### COUNT IV: VIOLATION OF IOWA WAGE LAW FAILURE TO PAY WAGES DUE (CLASS ACTION)

72.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

73.     Defendants' practice of willfully failing to pay Plaintiff and Iowa Class Members wages for labor performed violates Iowa Wage Law. I.C.A. § 91D.1(1)(b). In fact, Defendants do not compensate them whatsoever for any hours worked.

### COUNT V: UNJUST ENRICHMENT (CLASS ACTION)

74.     Due to the facts as pled above, Plaintiff had conferred a benefit upon the Defendants. The Defendants had knowledge of the benefit conferred and continued to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiff worked for Defendants, Defendants permitted Plaintiff to work for the business, and because Defendants chose to maximize the business's profit at the expense of Plaintiff and Class Members.

75.     It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiff conferred a benefit on Defendants which Defendants kept for themselves.

### VIII.    COLLECTIVE AND CLASS ALLEGATIONS

**A.      FLSA Class Members**

76.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

77.     Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers who worked at Beach Girls. As such, Plaintiff has first-hand personal knowledge of the same pay violations at Beach Girls for other dancers. Furthermore, other exotic dancers at Defendants'

establishment have shared with Plaintiff similar pay violation experiences, including wage and tip confiscations, as those described in this complaint.

78.     Other employees similarly situated to Plaintiff work or have worked for Defendants' gentlemen's club business but were not paid at the federally mandated minimum wage rate.

79.     FLSA Class Members perform or have performed the same or similar work as Plaintiff.

80.     FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

81.     As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

82.     Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

83.     The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

84.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

85.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

86.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can easily be calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a

systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

87.     As such, Plaintiff brings her FLSA minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

**B.     Iowa Class Action**

88.      Plaintiff and the Iowa Class Members incorporate all preceding paragraphs as though fully set forth herein.

89.     Plaintiff brings her Iowa wage claims as a Rule 23 class action on behalf of the following class:

> **All of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

90.     <u>Numerosity</u>. The number of members in the Iowa Class is believed to be well over forty. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Iowa Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the Iowa Class may be determined from Defendants' employment files, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Iowa Class and Defendants.

91.     <u>Typicality</u>. Plaintiff's claims are typical of the Iowa Class because, like the members of the Iowa Class, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the Iowa Class. Defendants failed to pay non-exempt employees who worked at Beach Girls minimum wage for all of their hours worked.

Plaintiff and the Iowa Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with Iowa law.

92.    <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Iowa Class because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Iowa law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Iowa Class she seeks to represent.

93.    <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

      a.    Whether Defendants failed to pay Plaintiff and Iowa Class the minimum wage for all hours worked; and

      b.    Whether Defendants took wages and tips from dancers to run their business in violation of Iowa Wage Laws.

94.    The common issues of law include, but are not limited to:

      a.    Whether Defendants improperly classified Plaintiff and the Iowa Class as independent contractors;

      b.    Whether Plaintiff and the Iowa Class are entitled to compensatory damages;

      c.    The proper measure of damages sustained by Plaintiff and the Iowa Class; and

      d.    Whether Defendants' actions were "willful."

95.    <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Iowa Class could afford

to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Iowa Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

96.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Iowa Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identity of members of the Iowa Class is readily identifiable from Defendants' records.

97.     This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on the Defendants to prove they properly compensated their employees; and (3) the burden is on the Defendants to accurately record hours worked by employees.

98.     Ultimately, a class action is a superior forum to resolve the Iowa claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Iowa Class according to applicable Iowa laws.

99.     <u>Nature of notice to be proposed</u>. As to the Rule 23 Class, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, i.e., "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Iowa Class by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

## IX.   <u>DAMAGES SOUGHT</u>

100.    Plaintiff, FLSA Class Members, and Iowa Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate under state law and federal law.

101.    Plaintiff, FLSA Class Members, and Iowa Class Members are also entitled to recover all of the money Defendants misappropriated, such as house fees, forced tips, and wages taken after their performances.

102.    Plaintiff and FLSA Class Members are also entitled to an award of statutory liquidated damages in amounts prescribed by the FLSA.

103.    Plaintiff and Iowa Class Members are also entitled to an award of liquidated damages in amounts prescribed by I.C.A. §§ 91A.2(6), 91A.8.

104.    Plaintiff and FLSA Class Members are also entitled to Prejudgment and post-judgment interest on unpaid back wages pursuant to Iowa state law.

105.    Plaintiff, FLSA Class Members, and Iowa Class Members are also entitled to an award of attorneys' fees and costs under the FLSA and Iowa state labor laws.

### PRAYER FOR RELIEF

For these reasons, Plaintiff, FLSA Class Members, and Iowa Class Members respectfully request that judgment be entered in their favor awarding the damages requested above. Plaintiff also requests for such other and further relief to which Plaintiff, FLSA Class Members, and Iowa Class Members may be entitled, at law or in equity.

### RESTATED DEMAND FOR JURY TRIAL

NOW COMES Plaintiffs, by and through their attorney, and hereby restate their demand for a jury trial in the above cause of action.

TIMM W. REID AT0006547
REID LAW FIRM, P.L.L.C.
The Plaza - Suite 5
300 Walnut Street
Des Moines, Iowa, 50309-2239
Telephone:  (515) 381-9842
Facsimile:  (515) 219-8746
Email:  timm@treidlawfirm.com

ATTORNEY FOR PLAINTIFFS