UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **CIERRA TURNER, on Behalf of Herself and All Other Similarly Situated Individuals,**<br><br>  Plaintiff(s),<br><br>v.<br><br>**PRETTY WOMEN, INC. d/b/a BEACH GIRLS, J.P. PARKING, INC., JAMES PETRY, Individually, AND KENT O'CONNELL, Individually,**<br><br>  Defendants. | Case No. 4:22-cv-00085<br><br><br>PLAINTIFF'S REPLY IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT AGAINST ALL DEFENDANTS |

Cierra Turner, individually and on behalf of all others similarly situated, ("Plaintiff") respectfully submits this reply in support of her application for entry of default against Defendants Pretty Women, Inc., J.P. Parking, Inc., James Petry, and Kent O'Connell ("Defendants") pursuant to Federal Rule of Civil Procedure 55.

**I.     Defendants have not demonstrated the Court should deny the entry of default.**

Defendants argue that the Court should deny or set aside a default based on the factors cited in *Johnston v. Celtic Bank*, No. 4:19-CV-00157, 2019 WL 8376266, 2019 U.S. Dist. LEXIS 230171 (S.D. Iowa Sept. 9, 2019). Defendants' analysis of those factors is simply wrong and/or unsupported. Accordingly, Defendants have failed to demonstrate that it would be appropriate to deny entry of default here.

    **A.     Defendants are blameworthy and/or culpable for their failure to timely file a responsive pleading.**

Defendants' lone argument as to why they are not blameworthy or culpable for their failure to timely file a responsive pleading is that "plaintiffs had proposed a tolling agreement that had

not been withdrawn less than two business days prior to an application for default." *See* Dkt. 14 at 2. Simply put, that says nothing about whether Defendants are blameworthy or culpable for failing to file a responsive pleading in a timely manner.

As noted in Plaintiff's Application for Default, Kent O'Connell's deadline to submit a responsive pleading was April 14, 2022. The Remaining Defendants' deadline to submit a responsive pleading was, at the latest, June 14, 2022. Defendants let their deadlines lapse for a substantial amount of time, prevented Plaintiff from moving this case forward, and caused Plaintiff to miss a Court-ordered deadline to submit a proposed scheduling order which prompted the Court to threaten dismissal of the case without prejudice. *See* Dkt. 9.

What explanation do Defendants provide for failing to timely file a responsive pleading? Defendants offer none. In *Johnston*, Judge Pratt addressed the "blameworthy" factor and noted that the defendants missed their deadline "while they tried to resolve the claim." 2019 U.S. Dist. LEXIS 230171 at *4. That is not what happened here.

As noted in an attachment to Defendants' response, Plaintiff initially sent a demand letter to Defendants back in 2020 in an effort to resolve the claims before filing the lawsuit. *See* Dkt. 14-3. Those discussions broke down and ceased as late as July 28, 2021, well before Plaintiff filed suit on March 9, 2022. *See* Declaration of William Hogg. After Plaintiff filed suit, served Defendants and/or Defendants accepted service, and the deadline to file responsive pleadings had lapsed, Defendants did not engage in any attempts to "resolve the claim" until July 19, 2022. *See* Hogg Decl. Even then, Defendants' attempts to "resolve" were hollow, as Defense Counsel specifically informed Plaintiff's Counsel that he would need to speak with his client to confirm that the offer was official. *Id.*

Putting the officiality of that "offer" aside, Defendants did not make such an attempt until

well after their deadline to file responsive pleadings had already lapsed. And Plaintiff's request that Defendants agree to toll the limitations period says nothing about whether Defendants are to blame for missing their responsive pleadings deadline. It only demonstrates that Plaintiff was attempting to mitigate the prejudice that Defendants' conduct caused the potential collective members. It is unsurprising Plaintiff would request a tolling agreement, as the Fair Labor Standards Act ("FLSA") claims of the putative collective members diminishes each day they do not receive notice of the case *See Putnam v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 275 (S.D. Iowa 2011). Plaintiff's request for tolling was an effort to prevent further prejudice to the putative collective members based on Defendants' dilatory conduct. If anything, this fact weighs against Defendants because it demonstrates that Plaintiff and the putative collective members have been prejudiced by Defendants' failure to file a responsive pleading on time.

Because Defendants offer no cogent reason for their failure to timely file a responsive pleading, the Court should find that Defendants are blameworthy and/or culpable for their failure to do so. This factor weighs in favor of entering default.

      **B.**    **Defendants have put forth no evidence of a meritorious defense.**

Defendants' lone argument that they have a meritorious defense is their contention that "this matter is subject to arbitration[.]" *See* Dkt. 14 at 2. Defendants point to a motion to stay pending arbitration which was filed concurrently with their objection as "evidence" of such a meritorious defense. *Id.* Defendants offer no other evidence or argument that they have meritorious defenses toward the substance Plaintiff's FLSA or Iowa state law claims. But even Defendants' argument about arbitration is unavailing, because that is not a meritorious defense.

To begin, Defendants' motion for a stay is based upon language within the "Independent Contractor Agreement For Entertainers Performing At Beach Girls." *See* Dkt. 15-2 (the "Dancer

Agreement"). That Dancer Agreement specifically states that it shall "be in effect until terminated by either party. No notice or reason is required to be given by either party." *Id.* at 7 (de-emphasis added). Notably, the purported arbitration provision within the Dancer Agreement does not have any survivability clause and in no way states that it will remain in place after a party terminates the overall agreement. There is no language within that document indicating the arbitration provision would remain enforceable even if the rest of the agreement were terminated.

Plaintiff terminated her Dancer Agreement with Defendants on or about June of 2020. *See* Supplemental Declaration of Cierra Turner at ¶ 2 ("I officially terminated any such contract with Beach Girls in or around June 2020.").

To the extent the arbitration provision was ever enforceable (which is contested), it was terminated along with the rest of the Dancer Agreement more than two years ago. Defendants no longer have any right to compel arbitration and have therefore filed a motion for stay that is meritless. Accordingly, Defendants' "motion for stay" is based upon a written agreement that was terminated more than two years ago.

In other words, Defendants' motion for a stay is meritless. As it pertains to Plaintiff's Application for Entry of Default, Defendants' have put forth no meritorious defense that would provide the Court with a basis to deny the entry of default.

    **C.    Plaintiff has been prejudiced through the loss of evidence, increased hardship in discovery, and harm to the putative collective members.**

As discussed in Plaintiff's Application and in this Reply, Plaintiff and the putative collective members have been prejudiced by Defendants' conduct. In the context of default, prejudice might include loss of evidence, increased hardship during discovery, or the creation of "greater opportunities for fraud or collusion." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998).

As noted in Plaintiff's Application for Entry of Default, "[a]s the case languishes [due to Defendants' failure to timely respond to the lawsuit], there is a high likelihood that witnesses' memories have faded and evidence has been lost, which increases the difficult for Plaintiff to conduct discovery in this case. These delays will thwart Plaintiff's potential recovery, as well as a full and complete recovery on behalf of putative collective members." *See* Dkt. 10 at 4.

Defendants did not address or contest this argument, and therefore concede the point. Further, none of Defendants' arguments assuage the prejudice identified by Plaintiff and Defendants present no evidence whatsoever to support their arguments. Namely, Defendants argue that the case was publicized (without attaching any evidence in support of that statement) and because of such publication "its hard to imagine that a potential plaintiff hasn't heard of the suit from the news directly or from friends in the industry where these suits have proliferated recently." *See* Dkt. 14 at 2. Defendants' arguments are pure speculation and have no place here. Moreover, Defendants present no evidence one way or the other as to whether potential collective members have been informally advised of their rights. It is undisputed that putative collective members have not yet received Court-authorized notice of this case informing them of their rights in accordance with 29 U.S.C. § 216(b). Each day they do not learn of their rights and opportunity to join the case is a day of their damages that will be lost without an order equitably tolling the limitations period.

Defendants offer no reason why, after the lawsuit was filed, they failed to answer or file any responsive pleading pursuant to Rule 12 for over 40 days. Defendants' failure to do so necessarily delayed and precluded Plaintiff from requesting the Court to send Court-authorized notice to the putative collective members, thus delaying these workers from receiving official notice apprising them of their rights. If Defendants truly wanted to relieve that prejudice, they would have agreed to equitable tolling to account for that lost time. The fact that Defendants have

still not agreed to such tolling (even though it is Defendants' right to oppose tolling) demonstrates that, as of the date of this filing, putative collective members' FLSA claims have been prejudiced by Defendants' unexcused dilatory actions. Defendants had an opportunity to take that prejudice argument off the table by agreeing to toll the limitations period, and have refused to do so. Defendants' conduct in that regard speaks volumes.

Plaintiff and the putative collective members have in fact been harmed by Defendants' dilatory conduct.

## CONCLUSION

Defendants have failed to demonstrate good cause for why this Court should not enter default against them. Defendants are to blame for their dilatory conduct. The lone "responsive pleading" filed by Defendants in this matter does not actually put forth any meritorious defense. Plaintiff and the putative collective members have been prejudiced. Accordingly, the Court should enter default and permit Plaintiff to file a motion for default judgment.

Plaintiff further requests such other relief to which she may be entitled at law or in equity.

Date: July 27, 2022                                          Respectfully submitted

*/s/ William M. Hogg*
David W. Hodges (*Pro Hac Vice*)
William M. Hogg (*Pro Hac Vice*)
HODGES & FOTY, LLP
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Tel: (713) 523-0001; Fax: (713) 523-1116
dhodges@hftrialfirm.com
whogg@hftrialfirm.com

Timm W. Reid (AT0006547)
REID LAW FIRM, PLLC
The Plaza - Suite 5
300 Walnut Street

Des Moines, Iowa 50309-2239
Tel: (515) 381-9842; Fax: (515) 219-8746
timm@treidlawfirm.com

*Attorneys for Plaintiff, Class, and Collective Members*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2022, a true and correct copy of the foregoing instrument and all exhibits, if any, was filed electronically through the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ William M. Hogg*
William M. Hogg