**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **CIERRA TURNER, on Behalf of Herself and All Other Similarly Situated Individuals,** | **Case No. 4:22-cv-00085** |
| **Plaintiff(s),** | |
| **v.** | JOINT PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN |
| **PRETTY WOMEN, INC. d/b/a BEACH GIRLS, J.P. PARKING, INC., JAMES PETRY, Individually, AND KENT O'CONNELL, Individually,** | |
| **Defendants.** | |

The parties have met and conferred as required by Federal Rules of Civil Procedure 16 and 26 and Local Rules 16 and 26. Following that conference and based on the agreements of counsel during meet-and-confer efforts, the Parties hereby submits the following joint proposed scheduling order and discovery plan in the above-referenced matter as follows:

1. **Initial Disclosures and Electronically Stored Information (ESI):**

State whether the parties (a) entered into an agreement at the Rule 26(f) conference resolving all issues relating to the Federal Rule of Civil Procedure 26(a)(1) initial disclosures in this action, and (b) discussed the preservation, disclosure, and discovery of ESI.

Yes, the parties verbally agreed that initial disclosures would be exchanged by no later than October 3, 2022. The parties discussed the preservation, disclosure, and discovery of ESI and do not foresee any problems or disputes arising from ESI at this time.

2. **Adding Parties:**

The deadline to add parties pursuant to Federal Rules of Civil Procedure 19, 20, or 22 shall

be no later than January 27, 2023.

This deadline shall not apply to any plaintiffs who decide to submit a written consent to join the collective action as a party plaintiff pursuant to 29 U.S.C. § 216(b).

**3.** **Amending Pleadings:**

The parties agree that the deadline for the parties to file a motion to amend their respective pleadings shall be no later than March 24, 2023.

**4.** **Expert Witnesses:**

The parties proposed the following deadlines to disclose, in accordance with Federal Rule of Civil Procedure 26(a)(2)(A), (B), and (C) all "expert witnesses" who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705:

Plaintiff's experts related to Rule 23 class certification and/or a motion to decertify a conditionally certified collective action, if any: May 26, 2023

Plaintiff's experts related to final merits issues, if any: To be determined following the Court's decision on class certification and/or decertification of a collective action.

Defendant's experts related to Rule 23 class certification and/or a motion to decertify a conditionally certified collective action, if any: June 9, 2023

Defendant's experts related to final merits issues, if any: To be determined following the Court's decision on class certification and/or decertification of a collective action.

Plaintiff's rebuttal experts related to Rule 23 class certification and/or a motion to decertify a conditionally certified collective action, if any: June 16, 2023

Plaintiff's rebuttal experts related to final merits issues, if any: To be determined following the Court's decision on class certification and/or decertification of a collective action.

Except as otherwise stipulated by the parties or ordered by the Court, the parties must, by

these deadlines, provide full disclosure of expert information as required by Federal Rule of Civil Procedure 26(a)(2).

5. **Discovery:**

Discovery related to Rule 23 class certification shall be completed by no later than May 26, 2023.

The parties agree that it would be premature to propose a final discovery cutoff before the Court has resolved whether the case should move forward as a certified class action and/or collective action.

Federal Rule of Civil Procedure 26(e) imposes a continuing duty to supplement discovery responses as soon as practicable. **All discovery responses must be supplemented at least 30 days before the close of discovery.**

6. **Dispositive Motions:**

Plaintiff's deadline to file a motion for class certification pursuant to Federal Rule of Civil Procedure 23 shall be no later than July 28, 2023. Defendants shall have twenty-one (21) days after the class certification motion is filed to file a responsive brief, if any. Plaintiff shall have fourteen (14) days after Defendants file such a responsive brief to file a reply brief, if any. No sur-replies will be allowed without leave of court.

Defendants' deadline to file a motion to decertify a conditionally certified collective action shall be no later than July 28, 2023. Plaintiff shall have twenty-one (21) days after the decertification motion is filed to file a responsive brief, if any. Defendants shall have fourteen (14) days after Plaintiff files such a responsive brief to file a reply brief, if any. No sur-replies will be allowed without leave of court.

The parties agree that it would be premature at this time to set a deadline for other

dispositive motions before the Court has resolved whether the case should move forward as a certified class/collective action.

**7.  Trial Ready Date:**

The parties agree that it would be premature at this time to set a trial ready date before the Court has resolved whether the case should move forward as a certified class/collective action.

**8.  Jury Demand:**

Plaintiff has properly and timely made a jury demand. *See* Dkt. 1 at 21.

**9.  Estimated Length of Trial:**

The parties agree that it would be premature at this time to estimate the length of trial before the Court has resolved whether the case should move forward as a certified class/collective action.

**10.  Settlement Conference:**

A court-sponsored settlement conference is not necessary at this time.

**11.  Scheduling and Planning Conference:**

The Parties believe a court-sponsored scheduling and planning conference pursuant to Federal Rules of Civil Procedure 16(b) and 26(f) would be appropriate in this case after sufficient discovery is completed given the claims asserted by Plaintiff for a collective action pursuant to 29 U.S.C. § 216(b) and for class action treatment pursuant to Federal Rule of Civil Procedure 23 regarding Plaintiff's state law claims. In light of the class and collective action nature of this matter, the Parties are requesting deadlines that significantly exceed those proposed by the Court's worksheet.

**12.  Consent to Magistrate Judge:**

At this time, the parties do not unanimously consent to trial, disposition, and judgment by a United States Magistrate Judge, with appeal to the Eighth Circuit Court of Appeals.

Respectfully and jointly submitted on August 23, 2022.

*/s/ William M. Hogg*

David W. Hodges (*Pro Hac Vice*)
William M. Hogg (*Pro Hac Vice*)
HODGES & FOTY, LLP
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Tel: (713) 523-0001; Fax: (713) 523-1116
dhodges@hftrialfirm.com
whogg@hftrialfirm.com

Timm W. Reid (AT0006547)
REID LAW FIRM, PLLC
The Plaza - Suite 5
300 Walnut Street
Des Moines, Iowa 50309-2239
Tel: (515) 381-9842; Fax: (515) 219-8746
timm@treidlawfirm.com

*Attorneys for Plaintiff, Class, and Collective Members*

*/s/ William L. Breedlove* (with permission)

William L. Breedlove
BREEDLOVE LEGAL, LLC
2103 Sixteenth Street
Moline, Illinois 61265
Tel: (309) 517-0704; Fax: (309) 517-0678
william@breedlovelegal.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2022, a true and correct copy of the foregoing instrument and all exhibits, if any, was filed electronically through the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ William M. Hogg*
William M. Hogg