IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CIERRA TURNER, on Behalf of Herself and All Other Similarly Situated Individuals,<br><br>        Plaintiff,<br><br>vs.<br><br>PRETTY WOMEN, INC., d/b/a BEACH GIRLS; J.P. PARKING, INC.; JAMES PETRY, Individually; and KENT O'CONNELL, Individually,<br><br>        Defendant. | Case No. 4:22-cv-00085-JEG-SBJ<br><br>**ORDER** |

This case is before the Court on a Motion for Notice to Be Issued to Similarly Situated Individuals pursuant to 29 U.S.C. § 216(b), ECF No. 12, filed by Plaintiff Cierra Turner. Plaintiff seeks conditional certification of a collective action for recovery of unpaid wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*  Also before the Court is a Motion to Dismiss filed by Defendants Pretty Women, Inc., J.P. Parking, Inc., James Petry, and Kent O'Connell, ECF No. 30, which seeks dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b).  Both motions are opposed.  No party requested a hearing.  The Court finds additional argument is unnecessary to resolve the pending motions, which are fully briefed.

## I.    BACKGROUND

Plaintiff Cierra Turner is an exotic dancer who regularly performed at Beach Girls, an adult entertainment club in West Des Moines, Iowa, between January 2019 and June 2020. Defendants Pretty Women, Inc. and J.P. Parking, Inc. are Iowa corporations alleged to jointly operate Beach Girls as a single enterprise.  Defendant James Petry is the owner of Pretty Women, Inc. and the president of J.P. Parking, Inc.  Defendant Kent O'Connell is a manager for both corporations.  Plaintiff alleges both Petry and O'Connell were responsible for hiring and firing Beach Girls dancers, supervising personnel, controlling schedules and work conditions,

determining dancers' rate of pay, maintaining employment records, and otherwise managing the daily affairs of Beach Girls.

Plaintiff brings this action on behalf of herself and similarly situated individuals alleging Defendants violated state and federal law by misclassifying Beach Girls' dancers as independent contractors exempt from minimum wage requirements.  Plaintiff alleges that she performed at Beach Girls approximately eighteen hours each week between January 2019 and June 2020, but Defendants paid her no wages for this work.   According to Plaintiff, she and other dancers were compensated exclusively through customer tips, some of which they were required to share with non-service employees or pass on to Defendants as a "house fee."  Plaintiff asserts that Defendants' control over the manner and conditions of the dancers' work established an employment relationship triggering state and federal minimum wage requirements.

On March 9, 2022, Plaintiff filed her complaint in this Court asserting claims for minimum wage and tip sharing violations under the FLSA (Counts I and III), minimum wage and failure-to-pay violations under Iowa Code chapter 91D (Counts II and IV), and common law unjust enrichment (Count V).  Plaintiff pleads her federal claims as a putative collective action pursuant to 29 U.S.C. § 216(b).  She brings her state law claims as a putative class action under Federal Rule of Civil Procedure Rule 23.  For all counts, Plaintiff seeks to certify a class consisting of "current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present."  Compl. ¶¶ 87, 89, ECF No. 1.  One individual claiming membership in this group has already provided a notice of intent to join the collective action.

While the case remained at the pre-answer stage, Plaintiff filed a motion for conditional certification of her FLSA claims.  Her motion seeks permission to issue notice to members of the putative class described in the Complaint.  Defendants filed a resistance to this request as well as a Motion to Dismiss under Rule 12.  They assert that the Court must deny conditional certification and dismiss Plaintiff's Complaint because Plaintiff and other dancers entered binding

arbitration agreements covering this dispute.  Alternatively, Defendants seek dismissal of Counts I and III, arguing that Plaintiff's FLSA claims must fail because she was not engaged in inter-state commerce while performing as an exotic dancer at Beach Girls.

## II.    DISCUSSION

### A.  FLSA Collective Action Procedure

The FLSA allows employees to bring a collective action to recover for violations of the act's minimum wage requirements on behalf of themselves and "other employees similarly situated."  29 U.S.C. § 216(b).  Similarly situated employees may opt-in as "party plaintiff[s]" by giving "consent in writing to become such a party" and filing that consent with the court.  Id.  The opt-in process distinguishes collective actions from class actions proceeding under Federal Rule of Civil Procedure 23.  See Bouaphakeo v. Tyson Foods, Inc., 765 F.3d 791, 796 n.4 (8th Cir. 2014); Davis v. NovaStar Mortg., Inc., 408 F. Supp. 2d 811, 814–15 (W.D. Mo. 2005) (explaining that "a party needs to 'opt-in' to a collective action under the FLSA, whereas a party would need to 'opt-out' of a class action proceeding under Rule 23").

When a plaintiff seeks to certify an FLSA collective action, courts in the Eighth Circuit typically proceed in two stages: first, the "conditional certification" or "notice" stage; and second, the "final certification" or "decertification" stage.  See Tegtmeier v. PJ Iowa, L.C., 208 F. Supp. 3d 1012, 1018–19 (S.D. Iowa 2016); Bouaphakeo v. Tyson Foods, Inc., 564 F. Supp. 2d 870, 891 (N.D. Iowa 2008).  At the notice stage, the named plaintiffs must make a preliminary showing that they are "similarly situated" to the putative class members.  29 U.S.C. § 216(b). This typically "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  Frazier v. PJ Iowa, L.C., 337 F. Supp. 3d 848, 866–67 (S.D. Iowa 2018) (quoting Bouaphakeo, 564 F.Supp.2d at 892).  If the plaintiff satisfies this requirement, the Court may conditionally certify the class and authorize court-supervised notice to potential opt-in parties.  See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989); Saleen v. Waste Mgmt., Inc., 649 F. Supp. 2d 937, 939 (D. Minn. 2009).

Oftentimes, conditional certification will also trigger discovery.  Hussein v. Capital Bldg. Servs. Grp., Inc., 152 F. Supp. 3d 1182, 1190 (D. Minn. 2015).

At the second stage of the certification process, after the opt-in period has closed and class-related discovery has been completed, "the Court determines definitively whether the named plaintiff is similarly situated with the other plaintiffs who have opted in." Tegtmeier, 208 F. Supp. 3d at 1019 (citing Bouaphakeo, 564 F. Supp. 2d at 892).  This determination is typically triggered by the defendant's motion to decertify the class. Id. The "similarly situated" inquiry at this stage is more fact-intensive than before, and the Court must consider the "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [the] defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." Bouaphakeo, 765 F.3d at 796 (alteration in original) (quoting Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1103 (10th Cir. 2001)).  If the Court determines that the named plaintiff is not similarly situated to the opt-in class members, then "the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims." Grove v. Meltech, Inc., No. 20CV193, 2020 WL 7133568, at *5 (D. Neb. Dec. 3, 2020) (quoting Gathmann-Landini v. Lululemon USA Inc., No. CV15-6867, 2018 WL 3848922, at *9 (E.D.N.Y. Aug. 13, 2018)).

## B.  Defendants' Motion to Compel Arbitration

Although it is styled as a Motion to Dismiss under Rule 12(b)(6), the Court construes Defendants' pre-answer motion in part as a motion to compel arbitration under 29 U.S.C. § 4. See City of Benkelman v. Baseline Eng'g Corp., 867 F.3d 875, 881 (8th Cir. 2017) (recognizing Rule 12(b)(6) as an adequate procedural vehicle for enforcing an arbitration agreement). Defendants ask the Court to dismiss Plaintiff's Complaint in its entirety as a means to enforce Plaintiff's agreement to arbitrate claims arising from her work at Beach Girls.  In support, they have filed a copy of an "Independent Contractor Agreement" signed by Plaintiff, as well as an

authenticating declaration by James Petry.  Defs.' App. 1–5, ECF No. 31-1.  Defendants contend

that Plaintiff's arbitration agreement presents a threshold forum selection issue that must be

decided at this procedural juncture.  Plaintiff resists, arguing that Defendants' arbitration

arguments are premature and would be more appropriately addressed after notice and discovery

are complete.  To the extent the issue is ripe, Plaintiff argues that her arbitration agreement is

unenforceable because: (1) she effectively terminated the agreement when she stopped dancing

at Beach Girls, (2) Iowa Code § 679A.1 prohibits arbitration agreements between employers and

their employees, and (3) the agreement is unconscionable.

How and when to consider the effect of arbitration agreements in an FLSA collective

action is an increasingly recurrent issue that has divided the federal district courts.  See In re

JPMorgan Chase & Co., 916 F.3d 494, 499 & n.5 (5th Cir. 2019).  The Eighth Circuit has not

provided guidance.  See Bell v. Arise Virtual Sols., Inc., No. 21-cv-00538, 2022 WL 567841, at

*1 (W.D. Mo. Feb. 24, 2022) (noting a lack of controlling authority as to whether a court must

first address a motion for conditional certification or a motion to compel arbitration).  In

contending that the Court must defer consideration of Defendants' arbitration arguments,

Plaintiff relies primarily on the unpublished conditional certification decision in Grove v. Beer

Barn Corp., No. 20-cv-00027, 2021 WL 6618708 (S.D. Iowa Apr. 21, 2021) (Rose, J.).  In that

case, an exotic dancer brought a putative collective action under the FLSA and sought

conditional certification at the pre-answer stage.  Id. at *1.  The defendants filed a motion to

dismiss or stay and compel arbitration, arguing the claims of the named Plaintiff were subject to

a binding arbitration agreement.  Id. at *2.  The court concluded that the arbitration issue was

"premature" and "better reserved for the second stage" of the collective action certification

process.  Id.  It reasoned that adjudicating the motion to compel arbitration called for "a merits

determination which requires the court to resolve issues of fact on a thin record—something not

appropriate at the initial certification stage."  Id.  The court in Grove also noted that multiple opt-

in plaintiffs had already filed notices in the case and that there was no indication those parties had agreed to arbitrate their claims.

Consistent with <u>Grove</u>, several district courts have concluded that unresolved arbitration issues should not impede conditional certification.  <u>See, e.g.</u>, <u>Vallone v. CJS Sols. Grp., LLC</u>, 437 F. Supp. 3d 687, 692 (D. Minn. 2020) (declining to deny conditional certification on the basis of prospective class members' arbitration arguments and deferring the question of "whether any specific members of the narrowed collective are subject to valid arbitration agreements"); <u>Brooks v. C.H. Robinson Int'l, Inc.</u>, No. 16-cv-00939-761, 2017 WL 10506772, at *3 (W.D. Mo. May 9, 2017) ("Because conditional certification is merely notice, there is no reason to stay the motion for conditional certification pending the outcome of Defendants' Motion to Dismiss."); <u>Conde v. Open Door Mktg., LLC</u>, 223 F. Supp. 3d 949, 969 (N.D. Cal. 2017) (finding "the fact that there is an arbitration agreement goes to Defendants' defenses, not the common policy," and so "the enforceability of the arbitration agreements is better reserved for the step two determination, not step one"); <u>Davis</u>, 408 F. Supp. 2d at 817–18 (concluding arbitration issues could be addressed after class members were identified).

The Court is persuaded that Defendants' arbitration arguments would be more appropriate to confront at the final certification stage.  Although Defendants cite the Fifth Circuit's contrary approach, <u>see</u> <u>JPMorgan Chase</u>, 916 F.3d at 504, district courts in the Eighth Circuit continue to conclude that the applicability of an arbitration agreement is better addressed after opt-in class members have been identified and discovery has commenced, <u>see, e.g.</u>, <u>Grove</u>, 2021 WL 6618708, at *2; <u>Meltech</u>, 2020 WL 7133568, at *5; <u>Vallone</u>, 437 F. Supp. 3d at 692. Indeed, the factual and procedural posture of <u>Grove</u> are indistinguishable from this case.  Absent contrary instruction from the Eighth Circuit, the Court adopts the procedures employed by other district courts in virtually identical cases.

The legal questions raised by the parties' briefing makes clear that it is particularly inappropriate to resolve their arbitration arguments at this time.  Among other contentions,

Plaintiff asserts that the arbitration clause in her Independent Contractor Agreement is un-enforceable because Iowa Code § 679A outlaws arbitration agreements between employers and employees. Defendants respond that Plaintiff was not an employee and that, in any event, the Federal Arbitration Act preempts Iowa Code § 679A to the extent Plaintiff alleges she was employed in interstate commerce. Whether Plaintiff was Defendants' employee and whether she can show a sufficient nexus to interstate commerce are disputed issues that go to the merits of Plaintiff's FLSA claims. While these questions may ultimately be inextricable from the arbitration analysis, their fact-intensive nature and proximity to the heart of this case weigh heavily against resolving them on a pre-answer record. See Romero v. La Revise Assocs., L.L.C., 968 F. Supp. 2d 639, 646 (S.D.N.Y. 2013) (concluding "merits-based" arbitration arguments should be resolved at the final certification stage and noting that the plaintiff had "raised at least colorable arguments to support the invalidity or unenforceability of the arbitration agreements, some of which are fact-intensive").

To the extent Defendants' Motion to Dismiss seeks to compel arbitration of Plaintiff's claims, the Court must deny the motion without prejudice. Defendants may renew their request to enforce any applicable arbitration agreements at the second stage of the collective action certification process.

### C. Defendants' Motion to Dismiss

In addition to their arbitration arguments, Defendants seek partial dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(1) and (6). They contend that Counts I and III fail to state a claim under the FLSA because Plaintiff was not engaged in interstate commerce in the course of her work as an exotic dancer. Defendants also argue that Plaintiff's failure to allege a sufficient nexus to interstate commerce divests the Court of jurisdiction to hear her FLSA claims.

"To survive a 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" McShane Constr. Co. v. Gotham Ins., 867 F.3d 923, 927 (8th Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 556 U.S. at 678. In determining whether a complaint states a facially plausible

claim, the Court must "accept[] as true the complaint's factual allegations and grant[] all

reasonable inferences to the non-moving party." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585,

591 (8th Cir. 2009).

The FLSA requires an employer to pay a statutory minimum wage to every "employee[]

who in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce."

29 U.S.C. § 206(a). An "enterprise engaged in commerce or in the production of goods for

commerce" is defined in relevant part as an enterprise that "has employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by

any person" and "whose annual gross volume of sales made or business done is not less than

$500,000." Id. § 203(s)(1)(A)(i)–(ii).

Defendants contend Plaintiff's FLSA claims must fail because she was not engaged in

commerce or in the production of goods for commerce while performing at Beach Girls. For

support, they point to a declaration filed by Plaintiff in which she states that "[n]one of [her] job

duties as an exotic dancer required [her] to engage in interstate commerce." Turner Decl. ¶ 23,

ECF No. 12-2. Plaintiff concedes that she was not an employee individually engaged in com-

merce or in the production of goods for commerce. Pl.'s Resist. Br. 10, ECF No. 32. However,

she asserts that Counts I and III of her Complaint plausibly allege an "enterprise" theory of

FLSA coverage.

The Court agrees that Plaintiff has alleged plausible FLSA claims. Plaintiff explicitly

asserts in her Complaint that "Defendants have been an enterprise in commerce or in the

production of goods for commerce within the meaning of 3(s)(1) of the FLSA." Compl. ¶ 15,

ECF No. 1. To substantiate that assertion, Plaintiff alleges that Defendants and their employees

sell drinks and merchandise that have been moved in interstate commerce, advertise Beach Girls

merchandise and services on the internet, and accept payment from patrons by credit card.  She

further alleges that Beach Girls' annual gross business volume exceeds $500,000.   Accepting

these allegations as true, the Court must find that Plaintiff has plausibly pled Beach Girls was an

"enterprise engaged in commerce or in the production of goods for commerce" for purposes of

§ 206(a).  See Barber v. Time for Peace, PLLC, No. 19-cv-367, 2021 WL 6284167, at *1 (E.D.

Ark. Mar. 12, 2021) (holding a plaintiff adequately pled FLSA enterprise coverage where she

alleged a mental health clinic's employees handled medicines produced for commerce and the

clinic's annual sales exceeded the statutory threshold); Hugler v. Cilantros Mexican Bar & Grill,

LLC, No. 17CV74, 2017 WL 3995543, at *3 (D. Neb. Sept. 8, 2017) (finding FLSA coverage

was sufficiently pled where the plaintiff alleged restaurant operators were an enterprise engaged

in commerce or in the production of goods for commerce).

Defendants do not suggest Plaintiff has failed to assert facts sufficient to support an enter-

prise theory of FLSA coverage.  Instead, their sole contention is that Plaintiff was not personally

engaged in commerce in the course of her work as an exotic dancer.  That position ignores the

plain disjunctive language of § 206(a), which extends minimum wage rights not just to

employees individually engaged in commerce, but also to employees of enterprises engaged in

commerce.  See Reich v. Stewart, 121 F.3d 400, 405 (8th Cir. 1997) (explaining that the FLSA's

enterprise coverage provisions "provide an *alternative* basis by which the FLSA governs certain

enterprises, rather than activities of certain employees" (emphasis added)).

Defendants' jurisdictional arguments fare no better.  They contend the Court lacks subject

matter jurisdiction over Counts I and III because "the FLSA requires interstate commerce" and

because state law provides remedies for the harm Plaintiff alleges. Defs.' Br. 6, ECF No. 30-1.

Defendants cite no authority to explain why either of these factors would impact subject matter

jurisdiction in this case, which is based on the Court's authority to hear claims arising under

federal law.  See 28 U.S.C. § 1331.  The merits of a plaintiff's claim are almost never material to

the federal question analysis.  So long as a complaint "makes a substantial claim under an act of Congress there is jurisdiction whether the claim ultimately be held good or bad."  Montana-Dakota Utils. Co. v. Nw. Pub. Serv. Co., 341 U.S. 246, 249 (1951) (citation omitted).  "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)).

Here, Plaintiff has asserted a plausible theory of FLSA coverage.  Her federal claims are not so facially unmeritorious as to divest the Court of federal question jurisdiction.  See O'Quinn v. Country Inn, Inc., No. 18-cv-06025, 2018 WL 3381421, at *3 (W.D. Ark. July 11, 2018) (rejecting a defendant's argument that a plaintiff's allegation of enterprise, rather than individual, FLSA coverage deprived the court of subject matter jurisdiction, noting "several district courts have concluded that the issue of whether a defendant is subject to enterprise coverage under the FLSA has no bearing on whether a court lacks subject-matter jurisdiction over such claims").  Defendants have failed to raise a viable argument for dismissal of Plaintiff's FLSA claims under Rule 12(b)(1) or (6).

### D.   Plaintiff's Motion for Conditional Certification

The Court next turns to Plaintiff's motion for conditional certification.  To obtain conditional certification in an FLSA collective action, a plaintiff must demonstrate that she is similarly situated to the members of the putative class.  See 29 U.S.C. § 216(b).  One way to satisfy this prerequisite is by showing that putative class members were subject to the same decision, policy, or plan that forms the basis of the plaintiff's own claims.  Frazier, 337 F. Supp. 3d at 867.  Only a modest factual showing is required.  Id. at 864; see also Robinson v. Tyson Foods, Inc., 254 F.R.D. 97, 99 (S.D. Iowa 2008) (explaining that a plaintiff "need merely provide some factual basis from which the court can determine if similarly situated potential plaintiffs

exist" (internal quotation and citation omitted)).  The Court does not consider the merits of a plaintiff's claim in the conditional certification analysis.  Tegtmeier, 208 F. Supp. 3d at 1022. Nor does the Court "make any credibility determinations with respect to the evidence presented." Id. at 1019 (quoting Andersen v. Wells Fargo Fin., Inc., No. 4:11-cv-00085, 2012 WL 12871958, at *3 (S.D. Iowa Feb. 6, 2012)).  Instead, conditional certification is appropriate so long as "some identifiable facts or legal nexus . . . bind the claims" and "hearing the cases together promotes judicial efficiency."  Id.  As a result, "conditional certification of a representative class is generally granted."  Frazier v. PJ Iowa, L.C., 337 F. Supp. 3d 848, 863 (S.D. Iowa 2018) (quoting Campbell v. Amana Co., L.P., No. C99-75, 2001 WL 34152094, at *2 (N.D. Iowa Jan. 4, 2001)).

Plaintiff alleges that she and other Beach Girls dancers are similarly situated for purposes of § 216(b) because they performed the same jobs under the same payment structure.  She submits a declaration in support of her motion asserting Beach Girls dancers "were all classified as independent contractors, and were all subject to the same rules, requirements, and compensation structure."  Turner Decl. ¶ 6, ECF No. 12-2.  Although their weekly hours varied, Plaintiff alleges that all of Beach Girls' dancers were similarly paid in tips alone and were similarly subject to financial penalties when they arrived late for their shifts, left the club early, or failed to perform as instructed.  Plaintiff further asserts that all dancers were required to pay a "house fee" for each night of work and share their tips with Beach Girls staff.

"[S]igned declarations or affidavits provide appropriate support for motions to condition-ally certify a class."  Frazier, 337 F. Supp. 3d at 865 (alteration in original) (quoting Stouder v. Turblex, Inc., No. 10-3069-CV, 2010 WL 11619552, at *2 (W.D. Mo. Aug. 31, 2010)); see also Chin v. Tile Shop, LLC, 57 F. Supp. 3d 1075, 1082 (D. Minn. 2014) (observing that "courts usually rely on the pleadings and any affidavits submitted by the plaintiff" at the conditional certification stage); Davis, 408 F. Supp. 2d at 816 (noting that even one signed declaration from a former employee may provide appropriate support for conditional certification).  Here,

Plaintiff's signed declaration indicates that all Beach Girls dancers were subject to the same work requirements and compensation structure underlying her own FLSA claims. Defendants do not meaningfully challenge Plaintiff's allegations in this regard. See Frazier, 337 F. Supp. 3d at 866 (finding pizza company's "confirmation that it has a reimbursement policy that is applicable to *all* delivery drivers is quintessentially sufficient" for conditional certification of a driver's collective claim). Given the modest showing required at this early stage, the Court finds Plaintiff has satisfied her burden to show she is similarly situated to the members of the putative class.

Defendants contend that Plaintiff's motion for conditional certification must nevertheless be denied because she has failed to show that potential class members have an interest in joining her suit.[1] "[D]istrict courts within the Eighth Circuit differ as to whether and by what means a plaintiff must demonstrate interest in the proposed collective action." Chin, 57 F. Supp. 3d at 1090 (collecting cases and noting that the District of Minnesota has "consistently held that a plaintiff must demonstrate some interest from others who are similarly situated"). Judges in this District have previously indicated that some such evidence is necessary because "[o]thers' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants." Robinson, 254 F.R.D. at 99 (alteration in original) (quoting Bouaphakeo, 564 F. Supp. 2d at 892); accord Rowe v. Reynolds, No. 4:19-cv-00256, 2020 WL 6930454, at *3 (S.D. Iowa Nov. 9, 2020); Howe v. Johnny's Italian Steakhouse, L.L.C., No. 16-cv-00086, 2018 WL 6521496, at *10 (S.D. Iowa Sept. 11, 2018). Yet, other district courts in the Eighth Circuit have categorically refused to make class member interest a prerequisite for conditional certification. See, e.g., Freeman v. Tyson Foods, Inc., No. 21-CV-05175, 2022 WL 3566615, at *3 (W.D. Ark. Aug. 18, 2022);

---

[1] Defendants also argue that conditional certification is inappropriate because Plaintiff's claims are subject to arbitration and because "similar documents exist" for prospective class members. Defs.' Resist. Br. 2, ECF No. 31. For the reasons discussed above, the Court finds Defendants' arbitration argument premature and will not deny conditional certification on that basis.

Cooper v. Integrity Home Care, Inc., No. 16-cv-01293, 2017 WL 1628974, at *4 n.4 (W.D. Mo. May 1, 2017); Ford v. Townsends of Ark., Inc., No. 08cv00509, 2010 WL 1433455, at *5 (E.D. Ark. Apr. 9, 2010).

For present purposes, the Court need not reckon with this divided authority. It suffices to observe that even those courts considering the interest of prospective class members have declined to impose a heavy evidentiary burden. In Parker v. Rowland Express, 492 F. Supp. 2d 1159 (D. Minn. 2007), the case upon which Defendants rely, the district court denied conditional certification where a pair of named plaintiffs asserting company-wide FLSA violations failed to put forward *any* evidence that non-party employees would be inclined to opt in. Instead, the plaintiffs provided affidavits stating only that other employees were subject to the same violative payment policy. Id. at 1163. The court reasoned that "a plaintiff must do more than show the mere *existence* of other similarly situated persons." Id. at 1165. It concluded an FLSA action cannot achieve collective action status unless there is "at least *some* evidence indicating that others will opt in." Id. Decisions citing Parker have generally allowed conditional certification so long as any number of opt-in plaintiffs have expressed an interest in joining the suit. Chin, 57 F. Supp. 3d at 1091 (four opt-in plaintiffs); Deutsch v. My Pillow, Inc., No. 20-cv-318, 2020 WL 7351556, at *10–11 (D. Minn. Dec. 15, 2020) (two opt-in plaintiffs); Judkins v. Southerncare, Inc., No. 12-cv-00293, 2013 WL 12099652, at *2 (S.D. Iowa June 24, 2013) (one opt-in plaintiff).

Plaintiff has presented "at least some evidence" of interest in a collective action. She alleges that "hundreds of dancers" have performed at Beach Girls. Compl. ¶ 28, ECF No. 1. Based upon her personal experience and conversations, she speculates that some of those dancers "would be interested in joining this lawsuit if they were informed about [its] existence." Turner Decl. ¶ 19 ECF No. 12-2. Consistent with that allegation, one opt-in member has already filed a consent to join the collective action. See Parrish Not., ECF No. 36-1. While one opt-in notice is certainly not indicative of resounding interest among Plaintiff's former coworkers, it is enough to

13

surmount <u>Parker</u>'s low bar.  <u>See</u> <u>Judkins</u>, 2013 WL 12099652, at *3 ("[A] named plaintiff (or

plaintiffs) would comply with <u>Parker</u> upon the submission of evidence that at least one of the

putative class members desires to join the lawsuit.").

On this record, conditional certification must be granted.  The Court authorizes notice of

this action to the FLSA class alleged by Plaintiff—namely, all "current and former exotic

dancers who worked for Defendants at any time starting [March 9, 2019] up to the present."

Compl. ¶ 87, ECF No. 1.  Instructions for distribution of notice will be entered by further order,

as discussed below.

### E.    Proposed Notice

The benefits of collective litigation "depend on employees receiving accurate and timely

notice concerning the pendency of the collective action, so that they can make informed

decisions about whether to participate." <u>Hoffmann–La Roche</u>, 493 U.S. at 170.  "Approving

notice before it is sent (and resolving any disputes concerning the notice's contents or form)

helps a court 'ensure that [the notice] is timely, accurate, and informative.'" <u>Tegtmeier</u>, 208 F.

Supp. 3d at 1023 (quoting <u>Hoffmann–La Roche</u>, 493 U.S. at 172)).  Accordingly, district courts

have substantial discretion in facilitating the notice process following conditional certification of

an FLSA collective action.  <u>Id.</u> at 1024.  The Supreme Court has cautioned, however, that "courts

must be scrupulous to respect judicial neutrality" and "avoid even the appearance of judicial

endorsement of the merits of the action." <u>Hoffmann–La Roche</u>, 493 U.S. at 174.

Plaintiff has filed a set of proposed notices for circulation to class members via mail, email,

text message, and posting on site at Beach Girls.  <u>See</u> ECF Nos. 12-4, 12-5, 12-6, 12-7, 12-8.

She asserts that these notices and means of distribution are substantively identical to those

approved in <u>Grove</u>, 2021 WL 6618708 at *5–7.  Plaintiff has also submitted a proposed order

setting forth several procedural instructions for the parties to follow during the notice process.

ECF No. 12-9.  Among other procedural proposals, Plaintiff requests that Defendants be ordered

to produce a digital file listing "the names of all putative collective members (including their

14

legal name and stage name(s)), their last-known mailing addresses, email addresses, and telephone and mobile phone numbers, and the last four digits of their Social Security numbers." Id. ¶ 1. Plaintiff proposes that notices be distributed within 21 days after she receives this class list from defendants, and that class members be allowed 90 days to opt in. A reminder notice would be circulated on day 45 of the opt-in period.

On the Court's initial review, Plaintiff's proposed notices and notice procedure appear to be reasonable. However, Defendants did not address these proposals in resisting conditional certification. The Court will allow Defendants 10 days from the date of this order to submit any objections to Plaintiff's proposed notices and notice procedure. Defendants are directed to review this Court's detailed discussions of the disputed notice provisions in Frazier, 337 F. Supp. 3d at 874–76, and Tegtmeier, 208 F. Supp. 3d at 1023–25, in preparing any such objections.

## III.   CONCLUSION

For the reasons provided above, at this procedural stage, Defendants' Motion to Dismiss, ECF No. 30, must be **denied**. This ruling is without prejudice to Defendants' ability to raise arguments regarding arbitration at the second stage of the collective certification process. Plaintiff's Motion for Notice to Be Issued to Similarly Situated Individuals, ECF No. 12, must be **granted**. Within ten (10) days of the date of this order, Defendants are **directed** to file any objections to Plaintiff's proposed FLSA collective action notices and notice procedure. Final instructions regarding the notice process will be entered by further order.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2022.

JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT