IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CIERRA TURNER, on Behalf of Herself and All Other Similarly Situated Individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>PRETTY WOMEN, INC., d/b/a BEACH GIRLS; J.P. PARKING, INC.; JAMES PETRY, Individually; and KENT O'CONNELL, Individually,<br><br>    Defendants. | Case No. 4:22-cv-00085-JEG-SBJ<br><br>**ORDER** |

    This case is before the Court on a Motion for Notice to Be Issued to Similarly Situated Individuals, filed by Plaintiff Cierra Turner, ECF No. 12. Plaintiff brings a collective action for recovery of unpaid wages under the Fair Labor Standards Act (FLSA), among other claims. On October 31, 2022, the Court entered an order conditionally certifying an FLSA class. However, the Court reserved ruling on Plaintiff's proposed notice forms and procedure until Defendants had indicated their position. On November 10, 2022, Defendants filed their objections to Plaintiff's proposals. Plaintiff filed a response. The matter is ready for disposition.

**I. PLAINTIFF'S PROPOSALS**

    In conjunction with her motion for conditional certification, Plaintiff submitted a set of proposed notices designed for circulation to class members via mail, email, text message, and posting on site at Defendants' premises.[1] ECF Nos. 12-4, 12-6, 12-7. She also submitted a proposed reminder postcard to be distributed by mail and a draft consent form, which prospective class members would sign and send to Plaintiff's counsel for filing with the Court. ECF Nos. 12-5, 12-8. Additionally, Plaintiff filed a recommended procedural timeline by which the parties

---

[1] In lieu of an exhibit, the language of Plaintiff's proposed text message is set forth in her briefing. See Pl.'s Br. Supp. Mot. for Cond'l Cert. 17 n.4, ECF No. 12-1.

would exchange information and facilitate the notice process. ECF No. 12-9. Among other proposals, Plaintiff requests that Defendants be ordered to produce within 14 days the names, mailing addresses, email addresses, and phone numbers of the current and former exotic dancers comprising the FLSA class, as well as the last four digits of their Social Security numbers. Plaintiff proposes that notices be distributed within 21 days after she receives this information from Defendants and that prospective parties be allowed 90 days to opt-in. A reminder would be mailed on day 45 of the opt-in period.

## II.   NOTICE STANDARDS

Unlike a class action proceeding under Federal Rule of Civil Procedure 23, similarly situated employees who seek to join an FLSA collective action must affirmatively opt-in by giving "consent in writing to become such a party" and filing that consent with the court. 29 U.S.C. § 216(b); see also Bouaphakeo v. Tyson Foods, Inc., 765 F.3d 791, 796 n.4 (8th Cir. 2014). District courts have discretion to supervise and facilitate the process of notifying potential class members of a pending suit. See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989). The purpose of court involvement is to ensure that notice to prospective class members is "timely, accurate, and informative." Tegtmeier v. PJ Iowa, L.C., 208 F. Supp. 3d 1012, 1023 (S.D. Iowa 2016) (quoting Hoffmann–La Roche, 493 U.S. at 172)). In facilitating notice, courts must not convey any endorsement of the merits of the case. Hoffmann–La Roche, 493 U.S. at 174 (noting "courts must be scrupulous to respect judicial neutrality").

## III.   DEFENDANTS' OBJECTIONS

### A. Tax Implications

Defendants object that Plaintiff's proposed notices insufficiently disclose the tax implications prospective members face in joining this collective action. Defendants request that language be added to the notices warning prospective class members that they "may owe back taxes" if they are awarded unpaid wages, which "may retroactively effect any income-based

relief." Defs.' Objs. 2, ECF No. 41.  Defendants also urge the Court to include language advising that class members' tax returns may be subject to discovery and that Plaintiff's attorneys will not provide representation related to tax liability.  Plaintiff resists these additions as inappropriately suggestive and discouraging of class member participation.

The Court declines to include language regarding the hypothetical tax consequences of a backpay award.  The warning proposed by Defendants presupposes that opt-in members are entitled to some amount of relief—an impression which the Court must scrupulously avoid.  Hoffmann–La Roche, 493 U.S. at 174.  Moreover, because the collateral consequences of a backpay award will vary depending on the circumstances of each class member, the proposed language is of limited practical benefit.  By contrast, warning prospective litigants that they will incur unknown liability by opting in poses an obvious risk of chilling participation, which the Court will not permit on the basis of speculation.  See Abdulina v. Eberl's Temp. Servs., Inc., No. 14-cv-00314, 2015 WL 12550929, at *8 (D. Colo. Apr. 27, 2015) ("Given the specific nature of tax advice, and the inability for the Notice to precisely address the tax implications for any given individual, the court declines to order that any statement regarding tax implications be included in the Notice."), report and recommendation adopted as modified, 2015 WL 4624251 (D. Colo. Aug. 4, 2015); Lewis v. ASAP Land Exp., Inc., No. CIV.A.07-2226, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008) (declining to include notice language warning class members of the potential tax consequences of recovery, explaining "[s]uch a warning might unfairly suggest that recovery is likely or, conversely, altogether dissuade those with meritorious claims from joining the action").

The Court likewise declines to add language suggesting class members will be required to produce their tax returns to Defendants.  As drafted, Plaintiff's proposed notice advises prospective litigants that they "may be selected to answer written questions under oath, provide documents relating to [their] claim, answer questions verbally under oath, and/or testify in court at trial or a hearing."  Proposed Not. 4, ECF No. 12-4.  Plaintiff resists Defendants' more specific

language, arguing class members' tax returns are not subject to discovery. At the very least, it appears the discoverability of class members' returns will be disputed, and the Court declines to address that issue in the notice context. Plaintiff's proposed language provides a fair overview of the discovery process and "will sufficiently put any potential opt-in plaintiffs on notice of their duties to participate in this litigation." Hobbs v. Petroplex Pipe & Constr., Inc., No. 17-CV-00030, 2017 WL 10676595, at *5 (W.D. Tex. Mar. 31, 2017) (citation omitted) (rejecting a proposal to notify potential class members that they may be required in litigation to disclose personal records, including tax returns).

Finally, the Court finds Defendants' proposed disclaimer regarding the legal advice available to opt-in plaintiffs would inappropriately interfere with the attorney-client relationship. It is not the Court's role to dictate the scope of representation provided by class counsel. Plaintiff's proposed notice states that class members agree to be represented by Plaintiff's counsel upon joining the action and that they "also have the right to hire an attorney of [their] choosing." Proposed Not. 3, ECF No. 12-4. Immediately thereafter, the notice invites recipients to direct questions to Plaintiff's attorneys at the contact information provided. The Court is satisfied that the proposed notice language adequately advises prospective parties of the representation available to them upon joining the action and of their right to seek additional legal advice should the need arise. See Frazier v. PJ Iowa, L.C., 337 F. Supp. 3d 848, 875 (S.D. Iowa 2018) (finding similar language sufficient to advise prospective class members of their right to hire separate counsel).

### B. Judicial Neutrality

Defendants next object that the proposed notices fail to prominently express the Court's neutrality on the merits of Plaintiff's claims. Citing similar language in Frazier, Defendants suggest the first page of the notices state in boldface that the Court "has made no determination and takes no position on the merits of the plaintiffs' claims or any other potential claims by any individual who performed exotic dances at Beach Girls" and that "[t]here is no assurance at this

4

time that any relief will be granted, nor if granted, the nature and amount of relief." Defs.' Objs. 3, ECF No. 41.

The second paragraphs of Plaintiff's proposed mail and email notices state that "[t]he Court has taken no position on the merits of the claims or defenses at issue." ECF Nos. 12-4, 12-6. The proposed posting similarly advises that "[t]he court has not ruled which party will ultimately win this lawsuit." ECF No. 12-7. Defendants reasonably request to elaborate these disclaimers by explaining that the Court's neutrality means there is currently no assurance of relief. This addition may help lay readers to understand the current posture of the case. Emphasizing the language in boldface would also draw appropriate attention to the disclaimer and is consistent with the Court's duty to ensure there is no appearance of partiality during the notice process. See Frazier, 337 F. Supp. 3d 874–75. Plaintiff is directed to amend the mail, email, and posted notices to include Defendants' preferred judicial neutrality language in boldface.

### C. Postings, Text Messages, and Postcards

Defendants generally object to the contents of Plaintiff's posted notice, text-message notice, and reminder postcards. These versions are more abbreviated than the notices to be distributed by mail and email, and they allow prospective parties to navigate to the opt-in form via a QR code or hyperlink. Defendants argue that any postings, text-messages, and postcards should include the same terms as the mailed and emailed notices, including information regarding the effects of opting in and the right of class members to retain their own attorneys. To resolve the discrepancy, Defendants recommend that the abbreviated notices direct recipients to a webpage where they would be required to scroll through the complete notice language and type their name as an acknowledgment before proceeding to the opt-in form.

The basis of Defendants' objection is reasonable. All prospective class members should receive the same information about the case and their rights, regardless of the medium through which they are reached. Plaintiff argues that the interactive web features requested by Defendants would be costly to engineer. See Pl.'s Resp. to Objs. 9–11, ECF No. 42. However, she

5

clarifies in her response that the complete notice language featured in the mail and email forms will also be included at the webpage linked by the postings, postcards, and text messages. Id. at 9. Based on that representation, the Court is satisfied that the abbreviated versions will provide prospective class members accurate and informative notice. The Court will not require recipients to enter their names or otherwise confirm their review of the online information. Defendants cite no cases imposing a similar condition, and the limited additional assurance these features would provide appears to be outweighed by their cost. Further, Defendants do not suggest class members reached via mail and email be required to affirm their understanding of the notice. There is no reason to treat similarly situated class members differently.

### D. Opt-In Period

Lastly, Defendants object to the 90-day notice period proposed by Plaintiff. They point to other FLSA collective action cases in which this Court limited the proposed notice period to 60 days. See Frazier, 337 F. Supp. 3d at 875; Tegtmeier, 208 F. Supp. 3d at 1025. However, the prospective class members in those cases—pizza delivery drivers—presumably did not work under pseudonyms or pose the other communication challenges that may be present here. See Grove v. Beer Barn Corp., No. 20-cv-00027, 2021 WL 6618708, at *6 (S.D. Iowa Apr. 21, 2021) (allowing 90-day notice window where the plaintiffs argued exotic dancers are "members are a part of [a] profession with high turnover and are particularly transient"). Defendants voice no reason why a 90-day opt-in period would cause significant additional burden. The efficiency benefits of a collective action are achieved only when all interested class members are given a fair opportunity to join the case. The Court will allow a 90-day window.

Defendants raise no further objections to the notice procedure proposed by Plaintiff. Her alternative methods for disseminating notice, including the 45-day reminder, are each reasonable and will help to ensure that all prospective plaintiffs are informed of the case. See Grove, 2021 WL 6618708, at *7 ("Although mail has historically been a common method of providing notice to potential class members, email and text messages are among the most common means of

communications in the twenty-first century and would be effective to disseminate notice."); Putman v. Galaxy 1 Mktg., Inc., 276 F.R.D. 264, 277 (S.D. Iowa 2011) ("[C]ourts routinely approve requests to post notice in common areas or on employee bulletin boards, even if there is an alternative form of notice."). Plaintiff's uncontested request for disclosure of class contact information is also reasonable. See Grove, 2021 WL 6618708, at *7 (directing defendants to disclose class member mailing addresses, email addresses, and phone numbers, to plaintiff's counsel); Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1018 (E.D. Mo. 2010) ("[C]ourts frequently order the defendant to disclose the names of potential plaintiffs to plaintiffs' attorneys." (citations omitted)).

### IV. CONCLUSION

For the reasons provided above, the Court orders as follows:

1. Plaintiff's proposed notice and consent forms are approved, subject to the amendment to the judicial neutrality language discussed in Section III(B) above.

2. Plaintiff's proposed notice dissemination procedure described at ECF No. 12-9 is approved and adopted. Defendants are directed to produce contact information for prospective FLSA class members within fourteen (14) days of this order. The parties shall thereafter follow the timeline proposed. Except as necessary to facilitate notice in this case, Plaintiff shall not use or disclose the contact information received from Defendants.

3. Costs associated with the dissemination of notice will be borne by Plaintiff. The Court takes no position at this time as to the taxation of costs.

4. Additional case management deadlines will be entered by further order.

**IT IS SO ORDERED.**

Dated this 16th day of November, 2022.

JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT